**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CHARLES L. NEELY                                                                                    PLAINTIFF

V.                                       1:11CV00090 JLH/JTR

INDEPENDENCE COUNTY JAIL, et al.                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Charles L. Neely, is a prisoner in the Washington County Detention Center. In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights while he was confined in the Independence County Jail ("ICJ"). *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. §

1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, while he was confined in the ICJ, Defendants housed him in the same pod with a prisoner who killed Plaintiff's granddaughter.[2] *See* docket entry #2. Understandably, this housing arrangement caused Plaintiff to suffer considerable emotional distress. *Id.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] It appears that Plaintiff was in the same pod with the prisoner for seven days. For the next fourteen days, Plaintiff was in a different pod, but within eyesight of the prisoner.

The Prison Litigation Reform Act provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Kahle v. Leonard*, 563 F.3d 736, 741 (8th Cir. 2009) (holding that a trial court may dismiss a case or grant judgment against a prisoner alleging emotional harm, without a physical injury).  Importantly, Plaintiff concedes that, although he wanted to harm the other inmate, the two men never fought or otherwise physically injured each other.  Accordingly, he has failed to state a viable constitutional claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not bet taken in good faith.

Dated this 26th  day of October, 2011.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
```